Opinion delivered April 16, 1887.

---

## No. 5301.

## Thomas Rosson v. The State.

1. Executive Pardon.—The delivery and acceptance of a pardon are complete when the grantor has parted with his entire control or dominion over the instrument, with the intention that it shall pass to the grantee, and the latter assents to it either by himself or agent. In this case the pardoning power having executed and delivered the pardon to the agent of the grantee, who accepted it on his principal's behalf, the instrument took immediate effect upon delivery.

2. Same—Revocation.—A pardon once delivered by the grantor and accepted by the grantee or his agent can not be revoked by the authority which granted it.

3. SAME—CASE STATED.—The appellant in this case was confined in the penitentiary under seven different convictions for horse theft, the penalties aggregating forty-five years. On August 25, 1886, the Governor issued his full pardon to cover each conviction, and delivered the same to the appellant's attorney. On the thirtieth day of the same month the said pardon was delivered to a clerk in the office of the superintendent of the penitentiary at Huntsville. On the same day, but before the same had been delivered to the appellant, or recorded in the books of the superintendent's office, the said superintendent received a telegram from the Governor, directing him to hold the said pardon for further orders. By subsequent telegram the Governor notified the superintendent that the said pardon had been revoked, and ordered its return, and it was returned to the Governor, who then indorsed upon it instructions to the Secretary of State, as follows: "Issue an order revoking this pardon as having been granted upon misinformation." Thereafter proceedings by habeas corpus were instituted in the District Court of Travis county, and, to support his application for release under the pardon, the appellant produced in evidence the charter of pardon bearing the said indorsement. *Held*, 1: A pardon procured by fraud upon the pardoning power, whether by suppression of truth or suggestion of falsehood, or by other imposition, is absolutely void. 2. Having relied upon the pardon with its indorsement, the appellant established against himself, prima facie, the procurement of the pardon by fraud, and assumed the onus of proving no fraud; failing to do which, or to controvert the prima facie case established by himself, the trial court did not err in remanding him to the custody of the superintendent of the penitentiary.

APPEAL from the District Court of Travis. Tried below before the Hon. A. S. Walker.

The case is fully disclosed in the opinion of the court.

*J. D. McMahan* and *Makemson & Price*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. At the July term, 1885, of the district court of Williamson county, appellant was convicted of the crime of theft of horses in seven different prosecutions, the penalties aggregating forty-five years confinement in the penitentiary, and he was duly sentenced, and was placed in the penitentiary to undergo said punishment. On August 25, 1886, the Governor of the State, upon application made to him therefor, granted and issued a full pardon for appellant, embracing each and all of said offenses. This pardon was delivered by the Governor, on the day of its issuance, to the agent and attorney of appellant,

who had applied to the Governor for it.   On the thirtieth day of August, 1886, it was delivered to a clerk in the office of the superintendent of the penitentiary at Huntsville, the place of appellant's confinement.   On the same day, and before pardon had been actually delivered to appellant, and before any entry had been made of the same in the prison records, the superintendent received a telegram from the Governor to hold said pardon until further orders, and thereafter, on the same day, the Goveror by telegram notified said superintendent that said pardon had been revoked, and ordered him to return the same to the executive office; and it was so returned, and the superintendent refused to discharge appellant from confinement.   On February 18, 1887, appellant applied to Hon. A. S. Walker, judge of the twenty-sixth judicial district, for the writ of habeas corpus, setting forth the fact of the issuance of said pardon, and of the refusal of the superintendent to discharge him by virtue thereof, and claiming that he is being illegally restrained of his liberty.   The writ was granted, and, upon a hearing thereof, appellant was remanded to the custody of the superintendent, and from that judgment he prosecutes this appeal.

Delivery and acceptance of a pardon are essential to render it effectual.   The same rules which govern the delivery and acceptance of deeds govern in the case of a pardon.   Delivery and acceptance are complete when the grantor has parted with his entire control or dominion over the instrument, with the intention that it shall pass to the grantee, and the latter assents to it either by himself or agent. (Hunnicutt v. The State, 18 Texas Ct. App., 498; 6 Cr. Law Mag., 478; 3 Washb. on Real Prop., fifth ed., p. 316, sec. 38, and note).   In the case before us, the pardon was delivered by the Governor to appellant's agent, and was accepted by said agent, and became at once effectual.   It results, therefore, that if the pardon is not otherwise invalid, appellant is entitled, by virtue thereof, to be discharged from imprisonment.

It is claimed by the assistant attorney general that the pardon was revoked by the Governor and thereby rendered of no effect. It is well settled that after a pardon has been delivered and accepted it can not be revoked by the authority which granted it. (1 Bish. Crim. Law, sec. 907; 6 Crim. Law Mag., 480, and authorties there cited).   We must hold, therefore, that, under the facts of this case, the revocation of the pardon by the Governor was without authority and void.

But it is further contended by the assistant attorney general that the pardon is invalid and void because it was obtained by fraud, or granted by mistake, and that the record shows that such is the case. It is unquestionably true that a pardon procured by a fraud upon the pardoning power is void. Any suppression of truth, or suggestion of falsehood, in obtaining a pardon, will vitiate it. (1 Bish. Crim. Law, secs. 905, 906 ; 6 Crim. Law Mag., 473, 474). And from the pardon itself it may be inferred that the pardoning power has been imposed upon. (State v. Lauk, 5 Ind., 359 ; State v. McIntyre, 1 Jones, N. C., 11.)

In this case appellant claims the right to be discharged from imprisonment by virtue of a pardon, which he produces before the court, and which he contends is in all respects a valid pardon. Upon that pardon is the following indorsement made by the Governor who granted it: "Issue an order canceling this as having been issued on misinformation." This order was to the Secretary of State, with whom the pardon, with said indorsement upon it, was deposited by the Governor. This being all that is shown by the record bearing upon the question of fraud, is it sufficient to invalidate the pardon? We are of the opinion that it is. Appellant relies upon the pardon; claims to be discharged by virtue of it; presents the issue that it is a valid pardon; as such produces it in court, bearing upon it the indorsement above noted. He does not controvert the truth of that indorsement. He virtually admits that the pardon was issued on misinformation. He has, in fact, proved that it was so issued by the production of the pardon itself. It being proved, and not controverted, that the pardon had been issued on misinformation, it was prima facie procured by fraud, and was void. If, in fact, no fraud was practised upon the Governor in obtaining it, it devolved upon appellant to explain and rebut the prima facie proof of such fraud made by said indorsement. This he did not do or attempt to do.

We are of the opinion that the facts do not show that appellant is illegally restrained of his liberty, and the judgment appealed from is affirmed.

*Affirmed.*